IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRICE E. LYONS,<br>Plaintiff,<br><br>v.<br><br>ILLINOIS CENTRAL RAILROAD<br>COMPANY,<br>Defendant. | Case No. 23–cv-517–JPG |

## MEMORANDUM & ORDER

This matter comes before the Court on Plaintiff Brice E. Lyons ("Lyons" or "Plaintiff") Motion for Change of Venue Pursuant to 28 U.S.C. § 1404(a). (Doc. 22). Defendant Illinois Central Railroad Company ("Defendant") filed a response in opposition. (Doc. 23). This is a case in which Plaintiff was injured while climbing a ladder while working for a conductor for the Defendant. The accident occurred in Madison, Illinois.

Plaintiff requests the Court transfer this case to East St. Louis, Illinois for trial in the interests of justice and for the convenience of the parties. (Doc. 22 at ¶ 14). In the alternative, Plaintiff requests this case be reassigned to a district judge in East St. Louis, Illinois. *Id*. at ¶ 15. Defendant, in response, indicates that § 1404(a) does not permit transfer between courthouses within a district that does not have separate divisions. The Court agrees with Defendant.

The Southern District of Illinois is not divided into "divisions" for the purposes of a transfer-of-venue motion under 28 U.S.C. § 1404. *Brickhouse v. Redstone*, No. 12-cv-593-SMY-PMF, 2014 WL 11678663, at *1 (S.D. Ill. Oct. 24, 2014); *Craig v. Harrah's Ent., Inc.*, No. 05-cv-812-DRH, 2006 WL 1004931, at *1 (S.D. Ill. Apr. 13, 2006) (federal district courthouse located in Benton, Illinois as a "Division" is a misnomer because Benton is not a division that is separate and apart from Southern District of Illinois located in East St. Louis); *Goldman v.*

*Graber Post Buildings, Inc.*, No. 07-cv-041-DRH, 2007 WL 5909901, at *1 (S.D. Ill. May 10, 2007). Therefore, § 1404(a) which only allows transfer to another district or division, does not apply to Plaintiff's request to transfer this case from Benton to East St. Louis. Therefore, Plaintiff's request has no basis in § 1404(a).

Next, Plaintiff alternatively requests reassignment to another judge in East St. Louis. Section 1404 does not allow for reassignment to other judges. Additionally, this Court has the inherent power to manage itself, its docket, and its caseload as it sees appropriate. *Goldman*, 2007 WL 5909901, at *1 ("the Southern District of Illinois' policy of balancing its cases equally among its Judges strongly disfavors transferring a case from one to another of its Judges."). Additionally, this case is in its infancy and a request to conduct trial in East St. Louis is premature.

Because Plaintiff has cited no legal authority to transfer this case to East St. Louis from Benton, and the Court's inherent power to manage its caseload and docket, the Court **DENIES** Plaintiff's Motion for Change of Venue Pursuant to 28 U.S.C. § 1404(a). (Doc. 22).

**IT IS SO ORDERED.**
**Dated: May 10, 2023**

                                                    /s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**